**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| E.D.L., | No. ED CV 26-3672-E |
|       Petitioner, | |
|     v. | ORDER FOR ENTRY OF JUDGMENT |
| FERETI SEMAIA, ETC., ET AL., | |
|       Respondents. | |

**FACTUAL BACKGROUND AND PROCEEDINGS**

Petitioner, a citizen of Guatemala, entered the United States without inspection in 2000 and has lived in the United States ever since.  He has been employed steadily and, with the exception of one misdemeanor, has no criminal record.  He maintained a long-term marriage in the United States, although his wife passed away in December of 2025.

In 2011, Petitioner was arrested and placed into removal proceedings.  At that time, immigration authorities released Petitioner after determining that he did not pose a flight risk or a danger (see 8 C.F.R. § 1236.1(c)(8)).

///

///

After Petitioner sought asylum, withholding of removal and protection under the Convention Against Torture, an immigration judge administratively closed the removal proceedings in March of 2015.  The Government did not oppose this closure.

Eleven years later, on February 19, 2026, agents of Immigration and Customs Enforcement ("ICE") detained Petitioner without prior notice.  Petitioner has remained detained without a hearing ever since.

On July 2, 2026, Petitioner filed a "Verified Petition for Writ of Habeas Corpus, etc." ("the Petition").  On July 9, 2026, Respondents filed an Answer.  On July 13, 2026, Petitioner filed a Reply.

**SUMMARY OF PARTIES' CONTENTIONS**

Petitioner contends, <u>inter alia</u>, that his arrest and re-detention without a hearing violated due process.  Petitioner seeks immediate release and an injunction against further re-detention without a hearing.

Respondents contend that the Court lacks jurisdiction to entertain Petitioner's challenge to his re-detention.  Respondents further contend that, at most, Petitioner's remedy would be a bond hearing before an immigration judge.

**DISCUSSION**

The federal Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." <u>Hamdi v. Rumsfeld</u>, 542 U.S. 507, 525 (2004).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal

2

custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A petitioner held in custody in violation of the Constitution or federal law is entitled to habeas relief.  See 28 U.S.C. § 2241(c)(3).

Although this Court would have no jurisdiction to review a challenge to a final order of removal (8 U.S.C. § 1252(g)), the Court does have jurisdiction to adjudicate Petitioner's challenge to his re-detention.  See Jennings v. Rodriguez, 583 U.S. 281, 138 S. Ct. 830, 841 n.3 (2018); Zadvydas v. Davis, 533 U.S. 678, 687 (2001); Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999); Pinchi v. Noem, 2025 WL 3691938, at *9-12 (N.D. Cal. Dec. 19, 2025).  Numerous District Courts correctly have found that jurisdiction exists to adjudicate aliens' challenges to ICE re-detentions.  See, e.g., Pinchi v. Noem, 2025 WL 3691938, at *9-12; Xayakesone v. Noem, 2025 WL 3229102 (S.D. Cal. Nov. 19, 2025); J.L.R.P. v. Wofford, 2025 WL 3190589 (E.D. Cal. Nov. 14, 2025); Rodriguez Cabrera v. Mattos, 2025 WL 3072687, at *6-7 (D. Nev. Nov. 3, 2025); Grigorian v. Bondi, 2025 WL 2604573 (S.D. Fla. Sept. 9, 2025); K.E.O. v. Woosley, 2025 WL 2553394 (W.D. Ky. Sept. 4, 2025); Zhu v. Genalo, 2025 WL 2452352 (S.D.N.Y. Aug. 26, 2025); Santamaria Orellana v. Baker, 2025 WL 2444087 (D. Md. Aug. 25, 2025); M.S.L. v. Bostock, 2025 WL 2430267 (D. Or. Aug. 21, 2025); Ceesay v. Kurzdorfer, 781 F. Supp. 3d 137, 151-52 (W.D.N.Y. 2025).

Due process, which extends to noncitizens present in the United States, prohibits deprivations of life, liberty and property without due process of law.  See U.S. Const. Amend. V; Trump v. J.G.G., 604 U.S. 670, 673 (2025); Zadvydas v. Davis, 533 U.S. at 693-94.  Due process requires that a person be afforded notice and an opportunity to be heard "at a meaningful time and in a meaningful manner."  Mathews v. Eldridge, 424 U.S. 319, 333 (1976) ("Mathews"); Tenemasa-Lema v. Hyde, 2025 WL 3280555, at *8-11 (applying Mathews to find that re-detention of paroled alien without the possibility of re-release violated due process); Im v. Semaia, 2025 WL 4474995, at *3-8 (C.D. Cal. Oct. 30, 2025) (applying Mathews to find a likelihood of a due process violation where ICE re-detained without a hearing an alien who

3

had been on immigration supervision); Rodriguez Cabrera v. Mattos, 2025 WL 3072687, at *10-14 (finding violations of procedural and substantive due process in circumstances similar to the present circumstances); accord Pinchi v. Noem, 2025 WL 3691938, at *30-31; Fernandez Lopez v. Wofford, 2025 WL 2959319, at *4-5 (E.D. Cal. Oct. 17, 2025) (paroled alien has constitutionally protected liberty interests in remaining out of custody); Noori v. Larose, 2025 WL 2800149, at *4, 9-10 (S.D. Cal. Oct. 1, 2025) (same); cf. Hurd v. District of Columbia, 864 F.3d 671, 683 (D.C. App. 2017) ("the Supreme Court has repeatedly held that in at least some circumstances, a person who is in fact free of physical confinement - even if that freedom is lawfully revocable - has a liberty interest that entitles him to constitutional due process before he is re-incarcerated").

In the present case, Petitioner's previous release by immigration authorities, the administrative closure of his prior removal proceedings and his building of a substantial life in the United States over a period of many years gave rise to a constitutionally protected liberty interest in remaining out of custody.  See id.; Ramirez-Serna v. Mullin, 2026 WL 1514337, at *6-7 (C.D. Cal. May 28, 2026) (alien who builds substantial life in the United States over a period of many years after entering without inspection develops a constitutionally protected liberty interest in remaining out of custody); Abdeltawab v. Armant, 2026 WL 1045564 (C.D. Cal. April 13, 2026) (alien has constitutionally protected liberty interest after administrative closure of removal proceedings); Cruz v. Lyons, 2025 WL 4051129 (C.D. Cal. Nov. 6, 2025) (same).

Here, without prior notice and without providing Petitioner with a prompt bond hearing or other opportunity to be heard, ICE abruptly re-detained Petitioner more than a decade after the administrative closure of his removal proceedings.  ICE thereby violated Petitioner's due process rights.  See id.; see generally Mathews.

///

///

4

Contrary to Respondents' arguments, a belated bond hearing before an immigration judge would not remedy the federal law violations Petitioner unjustifiably has suffered. See, e.g., Mumaev v. Semaia, 2026 WL 530765, at *6 (C.D. Cal. Feb. 20, 2026) (immigration judge's post-detention decision to deny bond "cannot support Petitioner's continued detention when the underlying arrest, revocation of parole and re-detention were in violation of Petitioner's due process rights and, thus, invalid"); accord Ghulyan v. Semaia, 2026 WL 788213 (C.D. Cal. March 20, 2026); E.A.T.-B. v. Wamsley, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025); see also Moctezuma v. Henkey, 2026 WL 18809, at *5 (D. Idaho Jan. 2, 2026) (collecting cases and noting respondents' "refusal to abandon their unlawful policy").

**CONCLUSION**

For all of the foregoing reasons, it is ordered that the Petition is granted in part: (1) Respondents must immediately release Petitioner (A# 200-245-772) from detention on reasonable conditions; and (2) Respondents are enjoined from any further re-detention of Petitioner, absent at least seven (7) days notice and a pre-deprivation bond hearing before a neutral decisionmaker at which the Government bears the burden of proving, by clear and convincing evidence, that Petitioner is an unacceptable danger to the community or an unacceptable flight risk.[1]

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 15, 2026.

_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner has not justified any different or additional relief on the present record.

5